IN THE CIRCUIT COURT OF ADAIR COUNTY, MISSOURI

BILL R. STAUFFER AND )
DELORES STAUFFER, )
                       )
         Plaintiffs, )
                       )
vs. )
                       )
KIRKSVILLE MISSOURI HOSPITAL )
COMPANY, L.L.C. D/B/A )
NORTHEAST REGIONAL MEDICAL )
CENTER, )
                       )
NAJMA USMANI, M.D., and )
                       )
MELANIE GRGURICH, D.O., )
                       )
         Defendants. )

**FILED**

JAN 21 2010

LINDA DECKER
CIRCUIT CLERK
ADAIR COUNTY

Case No. 10AR-CV00045

## PETITION

COME NOW Plaintiffs Bill R. Stauffer and Delores Stauffer and for their cause of action against

the defendants alleges and states as follows:

## PARTIES

    1.      Plaintiff Bill R. Stauffer is a citizen and resident of the state of Missouri residing

in Edina, Knox County, Missouri.

    2.      Plaintiff Delores Stauffer is a citizen and resident of the state of Missouri residing

in Edina, Knox County, Missouri. At all relevant times, plaintiff Delores Stauffer was and is the

wife of plaintiff Bill R. Stauffer.

    3.      Defendant Kirksville Missouri Hospital Company, L.L.C., is a corporation

authorized and organized pursuant to the laws of the state of Missouri doing business as a

general hospital known as Northeast Regional Medical Center at 315 S. Osteopathy, Kirksville,

Adair County, Missouri. At all relevant times, defendant Kirksville Missouri Hospital Company, L.L.C., doing business as Northeast Regional Medical Center ("NRMC"), was acting by and through its agents, servants and/or employees, some of which employees are nurses, technicians, physicians and other health care providers. As a result, defendant NRMC is vicariously liable for the actions of its agents, servants and/or employees. At all relevant times, a hospital/patient relationship existed between defendant NRMC and plaintiff Bill R. Stauffer. Defendant NRMC can be served by serving its resident agent CSC – Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, Cole County, Missouri.

4.      Defendant Najma Usmani, M.D., ("Usmani") is a physician licensed to practice medicine within the state of Missouri with her principal office located at Northeast Regional Specialty Clinic, 800 West Jefferson Street, Kirksville, Adair County, Missouri. At all relevant times, Defendant Usmani was the medical director of defendant NRMC's Sleep Diagnostics Lab. At all relevant times a physician/patient relationship existed between defendant Usmani and plaintiff Bill R. Stauffer. Defendant Usmani can be served at her office, Northeast Regional Specialty Clinic, 800 West Jefferson Street, Kirksville, Adair County, Missouri.

5.      Defendant Melanie Grgurich, D.O. ("Grgurich")is a physician licensed to practice medicine within the state of Missouri with medical offices located at 502 Rosewood Drive, Kirksville, Adair County, Missouri and at 100 East Jackson Street, Edina, Knox County, Missouri. At all relevant times, a physician/patient relationship existed between defendant Grgurich and plaintiff Bill R. Stauffer. Defendant Grgurich can be served at her medical office, 502 Rosewood Drive, Kirksville, Adair County, Missouri.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to Mo.Const.Art.V§14 and Mo.Rev.Stat§478.070.

7.     This Court has personal jurisdiction over defendant NRMC, defendant Usmani and Defendant Grgurich because defendants are citizens and legal residents of the state of Missouri and because plaintiffs' causes of action against all defendants are based on defendants' negligent conduct within the state of Missouri.

8.     Venue is proper in this court pursuant to Mo.Rev.Stat§508.010 and §538.232 because plaintiffs' causes of action are based on defendants' negligent conduct within Adair County, Missouri.

## FACTUAL ALLEGATIONS

9.     That on or about January 21, 2008, defendant Grgurich prescribed medication for plaintiff Bill R. Stauffer. The prescription was for two 2 milligram Lunesta tablets.

10.     Defendant Grgurich sent the Lunesta prescription directly to the Hy-Vee pharmacy in Kirksville, Missouri with directions to deliver the medication to plaintiff Bill R. Stauffer at his home in Edina, Knox County, Missouri. The two 2 milligram Lunesta tablets were delivered to plaintiff Bill R. Stauffer on or about January 21, 2008.

11.     Prior to the Lunesta prescription, defendant Grgurich did not have a physician/patient relationship with plaintiff Bill R. Stauffer and further defendant Grgurich had never seen or examined plaintiff Bill R. Stauffer as a patient. The Lunesta prescription did establish a physician/patient relationship between defendant Grgurich and plaintiff Bill R. Stauffer from that point forward specifically including January 21 through January 24, 2008.

3

12.     The Lunesta prescription was prescribed by defendant Grgurich for plaintiff Bill R. Stauffer pursuant to the policies, procedures and requirements of defendant NRMC's Sleep Diagnostics Lab.

13.     The Lunesta prescription prescribed by defendant Grgurich for plaintiff Bill R. Stauffer was required by policies and procedures instituted by defendant Usmani in her capacity as the medical director of defendant NRMC's Sleep Diagnostics Lab.

14.     Prior to the Lunesta prescription, plaintiff Bill R. Stauffer did not and had never used any form of prescription sleep medication or over-the-counter sleep medication.

15.     On January 23, 2008, plaintiff Bill R. Stauffer was admitted to defendant NRMC's Sleep Diagnostics Lab.  The admitting and attending physician was defendant Usmani. Plaintiff Bill R. Stauffer was admitted for the purpose of undergoing a sleep study known as a polysomnogram.

16.     While he was a patient in defendant NRMC's Sleep Diagnostics Lab from January 23, 2008 to January 24, 2008, plaintiff Bill R. Stauffer was under the medical care, custody and control of defendant Usmani as his admitting and attending physician.

17.     As required by the policies and procedures of defendant NRMC's Sleep Diagnostics Lab, instituted by defendant Usmani in her capacity as Medical Director of the Sleep Diagnostics Lab, plaintiff Bill R. Stauffer brought the two 2 milligram Lunesta tablets prescribed by Defendant Grgurich with him when he was admitted to defendant NRMC's Sleep Diagnostics Lab on January 23, 2008.

18.     Plaintiff Bill R. Stauffer ingested the two 2 milligram Lunesta tablets during the polysomnogram performed on January 23 and 24, 2008 at the defendant NRMC's Sleep Diagnostics Lab.  The ingestion of the two 2 milligram tablets of Lunesta was required by

4

agents, servants and employees of defendant NRMC and was also required by defendant Usmani as plaintiff's admitting and attending physician as well as by the requirements, policies and procedures instituted by defendant Usmani in her capacity as medical director of defendant NRMC's Sleep Diagnostics Lab.

19.    Plaintiff Bill R. Stauffer's polysomnogram lasted for a total of 8 hours, 58.5 minutes.  During that period of time, plaintiff Bill R. Stauffer slept 3 hours, 5.5 minutes for a very low sleep efficiency of approximately thirty-five percent (35%).  The majority of the 3 hours and 5.5 minutes of sleep was in stage 1 and stage 2 sleep.  The sleep was fragmented due to obstructive breathing events.

20.    Following the performance of the polysomnogram, plaintiff Bill R. Stauffer was discharged and released to drive home by himself from defendant NRMC's Sleep Diagnostics Lab at 6:30 a.m., January 24, 2008.  He was discharged and released to drive home by himself by a nurse/technician employee of defendant NRMC and by his admitting and attending physician, defendant Usmani.

21.    During the polysomnogram plaintiff Bill R. Stauffer did not have sufficient quantity and quality sleep and as a result was significantly sleep deprived when he was awakened at 5:30 a.m. and discharged and released to drive home by himself at 6:30 a.m., January 24, 2008.

22.    As a result of being required to ingest the two 2 milligram tablets of Lunesta during the performance of the polysomnogram, plaintiff Bill R. Stauffer was over-medicated and over-sedated with the Lunesta sleep medication when he was awakened at 5:30 a.m. and discharged and released to drive home by himself at 6:30 a.m., January 24, 2008.

23.     From the time he was awakened at 5:30 a.m., plaintiff Bill R. Stauffer was significantly sleep deprived, over-sedated with Lunesta, and as a result was confused and disoriented when he was discharged and released to drive home by himself from defendant NRMC's Sleep Diagnostics Lab at 6:30 a.m., January 24, 2008.

24.     Discharging and releasing plaintiff Bill R. Stauffer to drive home by himself at 6:30 a.m., January 24, 2008, when he was significantly sleep deprived, over-sedated with Lunesta and confused and disoriented created a danger to himself and to others.

25.     Following his discharge from defendant NRMC's Sleep Diagnostics Lab at 6:30 a.m., January 24, 2008, plaintiff Bill R. Stauffer attempted to drive his vehicle from the Sleep Diagnostics Lab to his home in Edina, Missouri.

26.     At approximately 6:45 a.m., January 24, 2008, after traveling 8.8 miles on Missouri Highway 6, plaintiff Bill R. Stauffer fell asleep and lost control of his vehicle resulting in a rollover accident at the intersection of Missouri Highway 6 and State Road V in Adair County, Missouri.

27.     As a result of the rollover accident, plaintiff Bill R. Stauffer suffered severe and permanent personal injuries with resulting permanent disability and impairment.

28.     As a result of the severe and permanent personal injuries and resulting permanent disability and impairment, plaintiff Bill R. Stauffer has suffered non-economic and economic losses and damages including, but not limited to, past and future pain, suffering, mental anguish, emotional distress, disability, disfigurement and loss of enjoyment of life; significant loss of earnings and permanent loss of earning capacity; and past and future medical, hospital and related expenses.

29.     As a result of plaintiff Bill R. Stauffer's severe and permanent personal injuries and permanent disability, his wife plaintiff Delores Stauffer has sustained loss and damages including the loss and impairment of plaintiff Bill R. Stauffer's services, companionship, aid, assistance, comfort, society and consortium.

30.     Plaintiff Bill R. Stauffer fell asleep and lost control of his vehicle while driving home from defendant NRMC's Sleep Diagnostics Lab because he was in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition.

31.     In providing hospital and related care and treatment for plaintiff Bill R. Stauffer, including the care and treatment provided by its Sleep Diagnostics Lab, defendant NRMC had a duty to act in accordance with the degree of care, skill, diligence and attention required of hospitals and sleep diagnostics labs under the same or similar circumstances.  Further, that in providing care and treatment for plaintiff Bill R. Stauffer the nurses, technicians and other employees of defendant NRMC and specifically of defendant NRMC's Sleep Diagnostics Lab had a duty to act in accordance with that degree of care, skill, diligence and attention required of nurses, technicians and other employees of hospitals or sleep diagnostics labs in the same or similar circumstances.

32.     Defendant NRMC and its nurses, technicians and other employees violated the appropriate standard of care and were negligent in one or more of the following particulars:

a.      Directing plaintiff Bill R. Stauffer to ingest two 2 milligram tablets of Lunesta during his sleep study;

b.      Discharging and releasing plaintiff to drive home by himself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition;

7

c.      Discharging and releasing plaintiff to drive home by himself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition creating a danger to himself and others on the highways and roadways;

d.      Failing to institute policies and procedures that would prevent discharging and releasing a patient to drive home by himself/herself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition;

e.      Failing to institute policies and procedures that would prevent discharging and releasing a patient to drive home by himself/herself in a medical condition that created a danger to the patient and others on the highways and roadways;

f.      Failing to institute policies and procedures that would require notification of the admitting and attending physician when a patient was significantly sleep deprived, over-sedated with Lunesta and confused and disoriented prior to discharging the patient to drive home by himself/herself;

g.      Requiring that patients admitted to the Sleep Diagnostics Lab bring two 2 milligram tablets of Lunesta to their sleep study;

h.      Requiring that patients admitted to the Sleep Diagnostics Lab be directed to ingest two 2 milligram tablets of Lunesta during their sleep study.

i.      Failing to institute policies and procedures requiring that the admitting and attending physician be called when a sleep study patient is significantly sleep deprived or has any other medical condition that would result in danger to the patient or others if discharged to drive home alone;

j.      Failing to institute policies and procedures  requiring that the admitting and attending physician be called when a sleep study patient is over-sedated with Lunesta or has

any other medical condition that would result in danger to the patient or others if discharged to drive home alone;

      k.    Failing to institute policies and procedures requiring that the admitting and attending physician be called when a sleep study patient is confused and disoriented or has any other medical condition that would result in danger to the patient or others if discharged to drive home alone;

33.    One or more of the negligent acts of defendant NRMC caused or contributed to cause plaintiff Bill R. Stauffer's rollover accident; his severe and permanent personal injuries and disability suffered in the rollover accident; and his resulting noneconomic and economic losses and damages.

34.    One or more of the negligent acts of defendant NRMC caused or contributed to cause plaintiff Delores Stauffer's losses and damages.

35.    In providing medical care and treatment for plaintiff and in her capacity as Medical Director of NRMC's Sleep Diagnostics Lab, defendant Usmani had a duty to act in accordance with that degree of care, skill, diligence and attention required of other physicians practicing in the same or similar circumstances.

36.    Defendant Usmani violated the appropriate standards of care and was negligent in one or more of the following particulars,

      a.    Requiring that plaintiff bring two 2 milligram tablets of Lunesta to his sleep study;

      b.    Requiring that plaintiff be directed to ingest the two 2 milligram tablets of Lunesta during his sleep study;

9

   c. Discharging and releasing plaintiff to drive home by himself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition;

   d. Discharging and releasing plaintiff to drive home by himself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition creating a danger to himself and others on the highways and roadways;

   e. Failing to provide discharge criteria and orders to prevent discharging and releasing plaintiff to drive home by himself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition following the completion of his sleep study;

   f. Failing to provide discharge criteria and orders to prevent discharging and releasing plaintiff to drive home by himself when he was at high risk of danger to himself and others because he was in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition;

   g. Failing to supervise and manage the technician, nurse and other employees of the Sleep Diagnostics Lab.

  37. One or more of the negligent acts of defendant Usmani caused or contributed to cause plaintiff Bill R. Stauffer's rollover accident; his severe and permanent personal injuries and disability suffered in the rollover accident; and his resulting noneconomic and economic losses and damages.

  38. One or more of the negligent acts of defendant Usmani caused or contributed to cause plaintiff Delores Stauffer's losses and damages.

  39. Further, defendant Usmani violated the appropriate standard of care and was negligent in her capacity as the medical director of defendant NRMC's Sleep Diagnostics Lab in one or more of the following particulars:

      a.      Failing to institute policies and procedures that would prevent discharging and releasing a patient to drive home by himself/herself in a significantly sleep deprived, over-sedated with Lunesta and confused and disoriented condition;

      b.      Failing to institute policies and procedures that would prevent discharging and releasing a patient to drive home by himself/herself in a medical condition that created a danger to the patient and others on the highways and roadways;

      c.      Failing to institute policies and procedures that would require notification of the admitting and attending physician when a patient was significantly sleep deprived, over-sedated with Lunesta and confused and disoriented prior to discharging the patient to drive home by himself/herself;

      d.      Requiring that patients admitted to the Sleep Diagnostics Lab bring two 2 milligram tablets of Lunesta to their sleep study;

      e.      Requiring that patients admitted to the Sleep Diagnostics Lab be directed to ingest two 2 milligram tablets of Lunesta during their sleep study.

      f.      Failing to institute policies and procedures requiring that the admitting and attending physician be called when a sleep study patient is significantly sleep deprived or has any other medical condition that would result in danger to the patient or others if discharged to drive home alone;

      g.      Failing to institute policies and procedures requiring that the admitting and attending physician be called when a sleep study patient is over-sedated with Lunesta or has any other medical condition that would result in danger to the patient or others if discharged to drive home alone;

11

Don R. Lolli - #24012
Dysart Taylor Lay Cotter & McMonigle, PC
4420 Madison Avenue
Kansas City, MO  64111
(816) 931-2700
(816) 931-7377 Fax

ATTORNEYS FOR PLAINTIFFS