UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BILL R. STAUFFER, and ) | |
| DELORES STAUFFER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:10CV00047 ERW |
| ) | |
| KIRKSVILLE MISSOURI HOSPITAL ) | |
| COMPANY, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #6]; Plaintiffs' Motion to Remand and Memorandum in Support [doc. #9]; and Defendants' Motion to Dismiss for Failure to State a Claim [doc. #10].

## I.   BACKGROUND

On January 21, 2010, Bill R. Stauffer and Delores Stauffer ("Plaintiffs") filed a medical malpractice lawsuit against Najma Usmani, M.D., Melanie Grgurich, D.O., and Kirksville Missouri Hospital Company, L.L.C. d/b/a Northeast Regional Medical Center. The lawsuit was originally filed in the Circuit Court of Adair County, Missouri, and was removed to the United States District Court for the Eastern District of Missouri, Northern Division, on August 6, 2010. On August 19, 2010, this Court granted Defendant Melanie Grgurich's Motion to Dismiss Defendant Melanie Grgurich, D.O., and for Substitution of the United States of America as Defendant. The basis for this change in defendants was Melanie Grgurich, D.O.'s status as a

U.S. Public Health Service employee, covered by 42 U.S.C. § 233(a) for acts and omissions, and subject to the provisions of the Federal Tort Claims Act ("FTCA"). The FTCA only authorizes suits against the federal government in the name of the United States of America, so it was necessary to substitute the United States of America as a named defendant in this action, in place of Melanie Grgurich, D.O. Thus, the defendants in this case now are the United States of America, Najma Usmani, M.D., and Kirksville Missouri Hospital Company, L.L.C. d/b/a Northeast Regional Medical Center.

Also on August 19, 2010, Defendant United States of America filed the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #6]. On August 25, 2010, in conjunction with their Response to Defendant United States of America's Motion to Dismiss, Plaintiffs filed the pending Motion to Remand [doc. #9]. Finally, on August 26, 2010, Defendants Kirksville Missouri Hospital Company, L.L.C., and Najma Usmani filed the pending Motion to Dismiss for Failure to State a Claim [doc. #10].

## II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

In its Motion to Dismiss, Defendant United States of America argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States of America because Plaintiffs failed to fully exhaust their administrative remedies. Plaintiffs filed a Response, in which they state that they will not actively oppose the Motion to Dismiss as it relates to the United States, but that they do not voluntarily consent to the dismissal of claims against the United States (so as not to waive certain rights).

Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint. When the Court's subject

matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The party invoking the jurisdiction of the federal court has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiffs' claims against Defendant United States of America arise under the FTCA, which establishes the liability of the United States for acts of federal government employees, acting within the scope of his or her employment. *See* 28 U.S.C. § 2672. "Although the United States is generally immune from suit under the doctrine of sovereign immunity, '[t]he FTCA waives federal sovereign immunity and grants federal district courts jurisdiction over a certain category of claims against the United States.'" *Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010) (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). However, federal court jurisdiction under the FTCA is limited by the following jurisdictional prerequisite:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "Section 2675 clearly makes the filing of an administrative claim a mandatory condition precedent to the filing of civil action against the United States for damages arising from the negligent act or omission of any Government employee acting within the scope of his employment." *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir. 1974).

It is undisputed that Plaintiffs failed to file an administrative claim with the United States Department of Health and Human Services before filing the present lawsuit. As such, this Court must conclude that Plaintiffs have failed to comply with the jurisdictional prerequisite set forth in 28 U.S.C. § 2675(a), and that this Court lacks jurisdiction to reach the merits of the dispute between Plaintiffs and Defendant United States of America. *See Melo*, 505 F.2d at 1030. The Court will thus dismiss Plaintiffs' claims against Defendant United States of America only, without prejudice.

## III.   REMAINING MOTIONS

After Defendant United States of America filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiffs, apparently recognizing the merit of the United States' argument, filed their Motion to Remand. In their Motion, they argue that once the United States is dismissed from this case, the basis for federal jurisdiction will be eliminated and remand will be appropriate. Defendants Kirksville Missouri Hospital Company, L.L.C. and Najma Usmani, M.D. (collectively, "Defendants KMHC and Usmani) oppose Plaintiffs' Motion to Remand. However, Defendants KMHC and Usmani do not argue that remand would be inappropriate after the United States of America is dismissed; rather the basis for their opposition is only that the United States of America had not been dismissed from the case at the time that Plaintiffs filed their Motion. .

The Court does not find the argument of Defendants KMHC and Usmani to be persuasive. The Court understands Plaintiffs' argument in favor of remand to be that the Court should consider remanding the case *after* dismissing Defendant United States of America. Therefore, the Court does not find Plaintiffs' Motion to Remand to be premature. Moreover, this

4

case was removed to federal court from state court on the sole basis that one of the original defendants (Melanie Grgurich, D.O.) was deemed to be a U.S. Public Health Service employee, subject to the FTCA, and was replaced as a defendant by the United States of America. With the United States in the case, removal to federal court was appropriate under 28 U.S.C. § 1442(a)(1)[1] and 28 U.S.C. § 2679(d)(2).[2] Having decided in the preceding section that the United States of America should be dismissed without prejudice from this case, the sole basis for federal jurisdiction no longer exists. Thus, it is appropriate to remand this case to the Circuit Court of Adair County, Missouri. *See, e.g.*, *Otten v. Bullock*, 2010 WL 4628528, at *3 (W.D. Mo. Nov. 5, 2010) ("Plaintiff is also correct in noting that the Court must 'remand the case back to state court as there will no longer be any federal jurisdiction' in the absence of the FTCA claim."); *Lockett ex rel. J.B. v. Lam*, 2006 WL 1360879, at *1 (E.D. Mo. May 16, 2006) ("The only basis for subject matter jurisdiction in this Court was the FTCA, and because I am dismissing the United

---

[1] 28 U.S.C. § 1442(a)(1) provides, "A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . . ."

[2] 28 U.S.C. § 2679(d)(2) provides, "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

States as party to this case that basis no longer exists. . . . I lack jurisdiction over this case, and I will remand it to the Circuit Court for the City of St. Louis.").

Defendants KMHC and Usmani argue that "since the Court must necessarily rule on the United States' Motion to Dismiss before it can determine whether remand is appropriate, it will not be burdensome for the Court to concurrently decide Defendants' Motion to Dismiss." (Response, doc. #16, p.2). The Court is not persuaded by Defendants KMHC and Usmani's economy argument. To the contrary, the Motion to Dismiss filed by Defendants KMHC and Usmani and the Motion to Dismiss filed by the United States are completely unrelated to each other. Deciding Defendants KMHC and Usmani's Motion would require this Court to consider multiple issues that it would not otherwise need to consider, many of which have apparently already been addressed by the Circuit Court of Adair County, Missouri.[3] Thus, this Court declines Defendants KMHC and Usmani's invitation to consider their Motion to Dismiss before Plaintiffs' Motion to Remand, finding that the issues presented therein are more appropriately directed to the state court. The Court will therefore grant Plaintiffs' Motion to Remand, and will deny, as moot, Defendants KMHC and Usmani's Motion to Dismiss for Failure to State a Claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #6] is **GRANTED**. Plaintiffs' claims against Defendant United States of America are **DISMISSED**, **without prejudice**.

---

[3]In their Reply in Support of Motion to Remand, Plaintiffs state that "Defendants filed a virtually identical Motion to Dismiss in State Court prior to removal. The State Court denied that Motion. Their attempt to seek a second bite at the apple is not grounds for denying plaintiffs' motion to remand." (Reply, doc. #20, p.2).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand and Memorandum in Support [doc. #9] is **GRANTED**. The Clerk of Court shall remand this action to the Circuit Court of Adair County, Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim [doc. #10] is **DENIED**, **as moot**.

Dated this 5th Day of January, 2011.

                                                      _____
                                                      E. RICHARD WEBBER
                                                      SENIOR UNITED STATES DISTRICT JUDGE